IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. CZACHOWSKI, )<br>      Plaintiff, )<br>           )<br> vs.          )<br>           )<br>DAVID HOGUE, Warden; MATTHEW )<br>ROOFNER, Deputy Warden; KEVIN )<br>SHEPARD, Deputy Warden; RICHARD )<br>FINK, President Prison Board of Armstrong )<br>County,          )<br>      Defendants. ) | Civil Action No. 11-808<br>Magistrate Judge Maureen P. Kelly |

OPINION AND ORDER

**KELLY, Magistrate Judge**

  Plaintiff, Michael J. Czachowski, initiated this action on June 17, 2011, alleging that Defendants Warden David Hogue, Deputy Warden Matthew Roofner, Deputy Warden Kevin Shepard and the President of the Prison Board of Armstrong County Richard Fink violated his rights under the Eighth and Fourteenth Amendments to the Constitution while he was incarcerated in the Armstrong County Jail. See [ECF No.1]. On September 21, 2011, the Court issued an Order advising Plaintiff that he failed to include a certificate of an authorized officer as to the amount of money and securities on deposit in Plaintiff's prison account or a proper affidavit of non-compliance with his motion seeking leave to proceed *in forma pauperis*. Plaintiff was also advised that, as a result, his complaint was not being processed and that he had until October 5, 2011, to submit the required paperwork. [ECF No. 5].

  The Court subsequently received the copy of the deficiency order that it sent to Plaintiff at his address of record -- the Armstrong County Jail -- back in the mail with another address written on the envelop. Consequently, on October 20, 2011, having failed to receive the requisite paperwork or any other communication from Plaintiff indicating his change of address,

1

the Court issued an Order to Show Cause, returnable by November 3, 2011, directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute. [ECF No. 6]. A copy of the Order was sent to Plaintiff's address of record as well as the address that had been hand written on the envelope received back from the Armstrong County Jail. To date, Plaintiff has not only failed to provide the Court with any of the documents necessary for his case to proceed, but has failed to notify the Court of his change of address or given any other indication that he wishes to pursue with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Orders which weigh heavily against him. Plaintiff's failure to respond to two Court orders and his failure to provide the documents required to prosecute his case was not only solely his personal

responsibility but his failure to do so even now -- ten weeks later -- appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- there appears to be no prejudice to Defendants as they have not yet been served with the Complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff has been incarcerated until recently and has failed to submit the $350.00 filing fee, it does not appear that monetary sanctions are appropriate. Moreover, his failure to notify the Court of his change of address so that the Court could communicate with him and his failure to respond to two Court Orders or submit the paperwork required in order for his case to proceed, it appears that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for this Court to take since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982). Accordingly,

AND NOW, this 14th day of November, 2001, IT IS HEREBY ORDERED that the above-captioned case is dismissed for failure to prosecute.

BY THE COURT,

/s/ Maureen P. Kelly
United States Magistrate Judge

cc: Michael J. Czachowski
MGP-2-14 COT
Armstrong County Jail
171 Stayleys Court Road
Kittaning, PA 16201

Michael J. Czachowski
218 Manor Avenue
Pittsburgh, PA 15209